UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES GUY ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-0450 (RBW) |
| | ) |
| UNITED STATES SECRET SERVICE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion for reconsideration of the February 8, 2006 ruling that there remains a genuine issue of material fact in dispute as to whether plaintiff exhausted his administrative remedies before filing the instant civil action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The motion will be granted.

"[T]he FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1259 (D.C. Cir. 2003). The exhaustion requirement provides an agency the "'opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'" *Wilbur v. Cent. Intelligence Agency*, 355 F.3d, 675, 677 (D.C. Cir. 2004) (per curiam) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). To ignore the exhaustion requirement may frustrate these goals by "cut[ting] off the agency's power to correct or rethink initial judgments or errors." *Hidalgo*, 344 F.3d at 1260 (quoting *Oglesby*, 920 F.2d at 64). "[I]t would be both contrary to 'orderly procedure and good administration' and unfair 'to those who are engaged in the tasks of administration' to decide an issue which [an agency] never had a fair opportunity to

resolve prior to being ushered into litigation." *Dettman v. Dep't of Justice*, 802 F.2d 1472, 1476 n.8 (D.C. Cir. 1986) (citing *United States v. Tucker Truck Lines*, 344 U.S. 33, 36-37 (1952)).

In its August 19, 2003 "no records" response to plaintiff's FOIA request, the United States Secret Service ("Secret Service") informed plaintiff of his right to pursue an administrative appeal. *See* Lyerly Decl. ¶ 5 & Ex. D. Plaintiff was advised that within 35 days, he was required to submit his written appeal to the following individual:

> Freedom of Information Appeal
> Deputy Director, U.S. Secret Service
> 950 H Street N.W., Suite 8000
> Washington, DC 20223.

*Id.*, Ex. D. The Secret Service has found no record of having received plaintiff's administrative appeal. *Id.* ¶¶ 5, 16.

Plaintiff counters by declaring that "on or about August 28, 2003, [he] forwarded a hand written appeal addressed to the Deputy Director, Freedom of Information Appeal, U.S. Secret Service, 950 H Street, Suite 8000, Washington, DC 20223. [He] received no reply to this communication." Pl.'s Decl. ¶ 9. As purported support for his position, plaintiff has submitted a copy of a certified mail return receipt stamped "received" by the Secret Service on July 8, 2003. *Id.*, Ex. 05. Relying on this evidence, plaintiff argues the existence of a "genuine issue of material fact in dispute [that] preclude[s] entry of summary judgment in favor of the [Secret Service] based in part on [plaintiff's] sworn declaration averring that [he] appealed or attempted to appeal the agency determination." *Id.* ¶ 13.

Defendant argues that plaintiff failed to meet his evidentiary burden of establishing that he filed an administrative appeal by providing "evidence showing that there is a triable issue as to

each element essential to that party's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Specifically, defendant notes that the certified mail return receipt predates both the Secret Service's August 19, 2003 "no records" response to plaintiff's FOIA request, and the date on which plaintiff allegedly mailed his administrative appeal.  The Court agrees that this certified mail return receipt is not competent evidence of plaintiff's compliance with the FOIA's exhaustion requirement.

It is plaintiff's burden to show his prior exhaustion of his administrative remedies. *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979) (per curiam).  In *Williams v. McCausland*, Civ. No. 90-7563 (RWS), 1994 WL 18510, *4 (S.D.N.Y. Jan. 18, 1994), the court noted that:

> The burden of producing evidence of a proper appeal is on the person requesting documents under the FOIA.  Otherwise, the exhaustion doctrine would be a nullity. If a party could avoid the exhaustion requirement merely by asserting that they had pursued all available administrative relief, administrative agencies would be placed in the position of having to prove the negative: that proper avenues of appeal had not been pursued.  Placing the burden of proof of a proper appeal on the person seeking disclosure also comports with the principle of forensic procedure that when a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service.

*Id.* (citations and internal quotation marks omitted).  Plaintiff's declaration alone does not suffice.

In this case, although plaintiff adequately pled exhaustion of his administrative remedies, he has failed to satisfy his burden in responding to defendant's summary judgment motion.  In other words, plaintiff has not presented competent evidence that he actually submitted his appeal to the Secret Service, or that the Secret Service received his appeal, or that the Secret Service responded to his appeal.  Summary judgment, then, will be granted for defendant due to

plaintiff's failure to exhaust his administrative remedies. *See Antonelli v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 04cv1180 (CKK), 2005 WL 3276222, *5 (D.D.C. Aug. 16, 2005) (plaintiff failed to present genuine issue of material fact as to agency's receipt of FOIA requests where he provided neither evidence of having mailed requests, nor agency's responses, nor his appeal, and summary judgment was granted for plaintiff's failure to exhaust administrative remedies before filing civil action); *Carbe v. Bureau of Alcohol, Tobacco and Firearms*, No. 03cv1658 (RMC), 2004 WL 2051359, *8 (D.D.C. Aug. 12, 2004) (granting summary judgment for failure to exhaust administrative remedies where plaintiff mailed his request and appeal, but U.S. Secret Service had no record of having received these documents); *Williams v. McCausland*, 1994 WL 18510, at *6 (granting summary judgment where, absent proof of agency's receipt of appeal, plaintiff failed to show exhaustion of administrative remedies with regard to FOIA request to Equal Employment Opportunity Commission); *see also Schoenman v. Fed. Bureau of Investigation*, No. 04cv2202 (CKK), 2006 WL 1582253, *12 (D.D.C. June 5, 2006) (dismissing FOIA claim without prejudice because, "[w]ithout a copy of a stamped envelope showing the mailing of the appeals, or a returned receipt certifying the actual receipt of the request by the agency, Plaintiff cannot establish an essential element of the statutory requirements under FOIA requiring an agency's actual receipt of the appeal as a precursor to exhausting all administrative remedies."); *Schoenman v. Fed. Bureau of Investigation*, No. 04cv2202 (CKK), 2006 WL 1126813, *16 (D.D.C. Mar. 31, 2006) (dismissing FOIA claim against Air Force for plaintiff's failure to provide evidence of its receipt of administrative appeal); *Bestor v. Cent. Intelligence Agency*, No. 04cv2049 (RWR), 2005 WL 3273723, *4 (D.D.C. Sept. 1, 2005) (dismissing FOIA claim under Fed. R. Civ. P. 12(b)(6) because of plaintiff's failure to allege or demonstrate agency's receipt or outcome of

administrative appeal).

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

                                                        /s/
                                    REGGIE B. WALTON
                                    United States District Judge

Date:  September 29, 2006